# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY LEVINE, <br><br> Plaintiff, <br><br> v. <br><br> BANC ALT LLC D/B/A CHECK PROS AND BRUNSWICK BANK & TRUST COMPANY <br><br> Defendants. | Civ. No. 18-6400 (KM) (CLW) <br><br> **OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

By Opinion (DE 64) and Order (65), I granted in part and denied in part motions for summary judgment, with the net result that the case would go forward on Count 2 as against defendant Bank Alt LLC d/b/a Check Pros ("Check Pros"). Plaintiff Gregory Levine now moves for reconsideration of that order, citing new evidence and arguing that summary judgment should be awarded in his favor. (DE 66) Because I write for the parties, familiarity with the matter is assumed. For the reasons stated herein, the motion for reconsideration is denied.

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

There is no threshold bar to this reconsideration motion; commendably, it is properly focused, and does not merely reiterate matters previously argued. Levine cites evidence not available at the time the summary judgment motions were briefed.

This case arises from the cashing by Check Pros of a check apparently indorsed by plaintiff Gregory Levine and then allegedly stolen from Levine's office in Florida. It was cashed at Check Pros by a person named Skippy Ely. In Count 2, Check Pros claims that it was an innocent holder in due course, and therefore is not liable to Levine under the UCC.

On September 30, 2019, Skippy Ely pleaded guilty in New Jersey state court to the crime of theft by deception.[1]

> THE COURT: All right. This plea form tells me that you are pleading guilty to count one of the indictment, which charges you with theft by deception, a second-degree crime. And is that your understanding of what --
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- you're pleading to?
>
> THE DEFENDANT: Yes.

Tr. of Plea at 4:13-20 (DE 66-3).

Particularly relevant to this motion is Mr. Ely's allocution as to the facts of the case, in which he admits that he "unlawfully obtained" the check at issue:

> THE COURT: Are you pleading guilty, because you are in fact guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Toto, proceed then to the factual basis.
>
> MR. TOTO: Yes, Your Honor.

---

[1] The motion papers recited that Ely had been arrested on charges connected with the check. Levine acted with reasonable diligence in learning of Ely's guilty plea and timely filing his motion for reconsideration on October 18, 2019.

Mr. Ely, between the dates of July --January 2, 2018 and March 29, 2018 you were in the borough of Carteret; correct?

THE DEFENDANT: Yes.

MR. TOTO: And at that time you unlawfully obtained the property of G.A.L. Albert D. Levin Revocable *Inter Vivos* Trust check; correct?

THE DEFENDANT: Yes.

*Id.* at 8:20-9:8.

MS. SULT: Mr. Ely, when you had that check, you in fact cashed it; correct?

THE DEFENDANT: Yes.

MS. SULT: And you did not intend to return that property to anyone else; correct?

THE DEFENDANT: No.

MS. SULT: And at that time you didn't have permission to cash that check from the owner; correct?

THE DEFENDANT: No.

MS. SULT: The state is satisfied.

THE COURT: The Court is also satisfied that the defendant has given a factual basis for the plea, the plea was done freely and voluntarily, and so we'll schedule sentencing.

*Id.* at 9:18-10:6.

This additional information, says Levine, proves that the check was stolen and that Check Pros therefore could not have been a holder in due course. I find, however, that triable issues remain.

To begin with, this allocution raises as many questions as it settles. Mr. Ely admits, not that he stole the check, but that he "unlawfully obtained" it in some unspecified manner from an unspecified source. He allocutes to having been in Carteret, New Jersey, at the time of the alleged theft from Levine's desk in Florida.

More fundamentally, however, even an admission of theft would not change the Court's reasoning on summary judgment. Although defendant then urged me to reject Levine's allegation of theft as "too incredible to be believed," I declined to do so; indeed, I ruled that I could not do so under Rule 56, which calls upon the court to identify, not resolve, material issues of fact. In short, I assumed *arguendo* that the check was stolen; further evidence that it was stolen does not alter the analysis. The issue is still whether, even if the check was stolen, Check Pros' conduct in light of all the circumstances entitles it to the status of a holder in due course.

I do not repeat my earlier discussion of the governing law. As to the facts, however, a key portion of my reasoning on summary judgment was as follows:

> [Check Pros'] argument that Levine's tale of theft is too incredible to be believed need not detain the court. Under the governing summary judgment standard, credibility is an issue for the jury, not for determination by the court.
>
> Moreover, in light of the discrepancies in the documentation presented by Ely, material issues of fact preclude summary judgment. Check Pros is correct that the relevant inquiry is not, as Levine contends, *merely* whether the check was in fact stolen. Rather, the court must consider what information was available to Check Pros at the time and whether Check Pros complied with commercially reasonable standards when presented with the check and affidavit.
>
> A reasonable jury might permissibly conclude under the circumstances that the discrepancies and shortcomings in the affidavit, especially in light of the large value of the check, were obvious and suspicious—perhaps obvious enough to require a more thorough investigation.[2] If so, then Check Pros might not be found to have behaved reasonably and therefore might not be entitled to the rights of a holder in due course.
>
> On the other hand, a jury might permissibly conclude that Check Pros did engage in "commercially reasonable" behavior when it required the affidavit, required that it be notarized, confirmed it

---

[2] Those discrepancies, which I will not review here, are discussed elsewhere in the Opinion.

had a raised seal, verified Levine's identity, verified the supporting documentation Ely presented, and contacted Wells Fargo. Levine's tardiness in reporting any theft, too, might be found to be a factor in finding Check Pros' actions to be reasonable. If so, then Check Pros might be found to have behaved reasonably and might be entitled to the rights of a holder in due course.

Because it remains disputed whether Check Pros took the check in good faith and in compliance with commercially reasonable practices, the motion of Check Pros for summary judgment with respect to Count 2 is denied.

(Summary Judgment Opinion, DE 64)

## ORDER

Accordingly, IT IS this 8th day of April, 2020

ORDERED that the motion for reconsideration (DE 66) is DENIED.

/s/ Kevin McNulty

_____
**Kevin McNulty**
**United States District Judge**