UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREGORY LEVINE,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**BANC ALT LLC D/B/A CHECK PROS AND BRUNSWICK BANK & TRUST COMPANY,**<br><br>       **Defendants.** | Civ. No. 18-6400 (KM) (CLW)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the motion (DE 91) of defendant Banc Alt LLC d/b/a Check Pros ("Check Pros") for entry of judgment under Rule 54(b). For the reasons set forth below, the motion is **DENIED**.

### I.    Background[1]

    As I write for the parties, this opinion assumes familiarity with the facts of the case. On October 3, 2019, I granted summary judgment in this matter on Counts 1 and 3, common law conversion claims, as superfluous. DE 64. I also dismissed Counts 3 and 4 against Brunswick Bank & Trust Company ("Brunswick Bank"). *Id.* The case therefore proceeded only on Count 2 (a UCC claim) against Check Pros. On April 8, 2020 I denied reconsideration of the

---

[1]    For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Check Pros Brf." | = | Brief in Support of Banc Alt's Motion for Rule 54(b) Certification (DE 91-8) |
| "Pl. Brf." | = | Memorandum of Law in Opposition to Banc Alt's Motion (DE 97) |
| "Check Pros Reply" | = | Reply Memorandum of Law (DE 98) |

1

summary judgment opinion. DE 73. Unusually, Check Pros moves for entry of judgment under Rule 54(b) as to its codefendant, Brunswick Bank. DE 91. Counsel for Brunswick Bank, however, has filed a letter stating that Brunswick Bank "joins-in" in the 54(b) motion for the reasons set forth in the motion. DE 94

## II.  Discussion

Federal Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claims—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "Certification under Rule 54(b) is the exception, not the norm." *Indivior Inc. v. Dr. Reddy's Labs. S.A.*, 2020 WL 4932547 at *11 (D.N.J. Aug. 24, 2020). When "the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored," *id.* at 12, and "should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.* at 11. Thus, "'[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a 'dispatcher.' It is left to the sound judicial discretion of the district court to determine' when an action may be certified as final." *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8–9 (1980)).

The first step under the rule is to determine whether I am confronted with a "judgment" that is "final" with respect to one of the claims in the case. The decision must be "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple

2

claims action.'" *Skoorka v. Keen University*, 2014 WL 59744 at *3 (D.N.J. Jan. 6, 2014) (quoting *Curtiss-Wright*, 446 U.S. at 8–9). The present motion concerns the claims against Brunswick Bank. I granted summary judgment with prejudice on all claims against that party. DE 64, 65. AS to Brunswick, then, that judgment is final, and Levine does not dispute this. Pl. Brf. at 10.

The second step is to determine whether there is no "just reason for delay" in entering partial judgment. *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). This requirement "is not merely formalistic," *id.*, but rather depends on an evaluation of the following factors:

(1) the relationship between the adjudicated and unadjudicated claims;
(2) the possibility that the need for review might or might not be mooted by future developments in the district court;
(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

    a. Factor One

The first factor considers the relationship between the adjudicated and unadjudicated claims. "Where the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored." *Indivior*, 2020 WL 4932547 at *12 (quoting *Ortho-McNeil Pharm., Inc. v. Kali Labs, Inc.*, 2007 WL 1814080 at *3 (D.N.J. June 20, 2007)). Levine brought identical claims against both Check Pros and Brunswick Bank for common law conversion and statutory conversion under the UCC. The claims against Brunswick Bank therefore involve the same basic facts and evidence as the remaining claim against Check Pros. While the two entities played different roles in the transaction, the close relationship between the adjudicated and unadjudicated claims in this instance counsels against certification. *See*

3

*Amboy Bancorporation v. Jenkens & Gilchrist*, No. CIV.A.02-CV-5410(DMC, 2009 WL 4117355, at *2 (D.N.J. Nov. 18, 2009) ("[W]hen pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources."); *Advanced Orthopedics And Sports Med. Inst. v. Int'l Union of Operating Engineers*, No. 3:19-CV-5076-BRM-ZNQ, 2020 WL 4345301, at *6 (D.N.J. July 29, 2020) (denying Rule 54(b) certification where "there exists a direct relationship between the remaining three unadjudicated claims and the adjudicated, dismissed claim, as they all rely largely on the same set of facts") (citing *Amboy Bancorporation*).

    b. Factor Two

Under the second factor, I consider the possibility that the need for review might or might not be mooted by future developments in the district court. To do so, I ask whether "resolution of additional issues . . . would reach back to alter or moot the rulings made thus far as to the [decision here]." *Indivior*, 2020 WL 4932547 at *13. The Third Circuit counsels against Rule 54 certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." *Advanced Orthopedics And Sports Med. Inst. v. Int'l Union of Operating Engineers*, No. 3:19-CV-5076-BRM-ZNQ, 2020 WL 4345301, at *4 (D.N.J. July 29, 2020) (quoting *Gerardi v. Pelullo*, 16 F. 3d 1363, 1372 (3d Cir. 1994)). Here, Levine has the potential to recover fully from Check Pros, which would moot the need to appeal the judgment as to Brunswick Bank. This factor therefore also counsels against certification.

    c. Factors Three and Four

The third and fourth factor require me to consider the possibility that the reviewing court might be obliged to consider the same issue a second time and the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final. It is possible the Third Circuit could conduct an analysis of the Brunswick Bank claims which implicates questions of law relevant to the Check Pros claim. On the other hand, the

Brunswick Bank analysis is somewhat peculiar to its role in the transaction. The Circuit may be able to review the Brunswick Bank claim, and later review the Check Pros claim, without having to consider the same issues. This factor thus comes out to be neutral. As to the fourth factor, there are no claims or counterclaims to weigh against certification. Check Pros Brf. at 6; Pl. Brf. at 21.

### d. Factor Five

Finally, I consider miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. "[A] district court must take into account judicial administrative interests as well as the equities involved" when evaluating motions under Rule 54(b). *Curtiss-Wright*, 446 U.S. at 8. Such considerations are required in order to "preserve[] the historic federal policy against piecemeal appeals." *Id.* (quoting at *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)); *see also Amboy Bancorporation v. Jenkens & Gilchrist*, 2009 WL 4117355 at *2 (D.N.J. Nov. 18, 2009) (noting that courts will decline Rule 54(b) requests when it would be an "inefficient use of the reviewing courts' resources"). Thus, "[t]he foremost reason for delay[ing immediate appeal] is that the costs, in time and judicial economy, of appeal greatly outweigh the prospect of a successful appeal." *Zavala*, 2007 WL 1134110 at *4.

Check Pros points to the escrow account in which Brunswick Bank is holding the disputed amount, and expresses concern that a potential appeal will be used as leverage in settlement discussions. Check Pros Brf. at 7. This consideration, however, does not justify overriding the policy against Rule 54(b) certification, and that an appeal could be used in a settlement discussion does not appear to be unique to this litigation.

This is not an exceptional case justifying certification under Rule 54(b), and, in light of the factors addressed above, I will deny the

motion.[2] If there is any error in my disposition of the case as to Brunswick, it can await any appeal from a final decision in the case.

### III.  Conclusion

The Rule 54(b) motion (DE 91) of Banc Alt LLC d/b/a Check Pros is denied. An appropriate order follows.

Dated: April 9, 2021

/s/ Kevin McNulty

———————————————
Kevin McNulty
United States District Judge

---

[2] Levine argues that Check Pros does not have the ability to move for entry of judgment under Rule 54(b), because it neither asserted the claim nor is the party against whom it was asserted. Pl. Brf. at 6. I need not address this issue, as I have denied the motion. And, as noted above, Brunswick joined in the motion.